IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LATRILLIAN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 1:23-CV-773 |
| LOUIS DEJOY, in his official ) | |
| capacity as Postmaster ) | |
| General; DEBORAH MERRYMAN in ) | |
| her individual capacity and in ) | |
| her official capacity as Acting ) | |
| Supervisor, U.S. Postal ) | |
| Service; KIMBERLY LEVENSON, in ) | |
| her individual capacity and in ) | |
| her official capacity as Acting ) | |
| Manager, U.S. Postal Service; ) | |
| and DESIREE MANNING, in her ) | |
| individual capacity and in her ) | |
| official capacity as Executive ) | |
| Manager, U.S. Postal Service, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This is an employment discrimination action against the United States Postal Service ("USPS"). Before the court is the partial motion to dismiss the amended complaint by all Defendants. (Doc. 12.) Plaintiff LaTrillian Davis has responded in opposition (Doc. 15), and Defendants have replied. (Doc. 17.) For the reasons set forth below, the motion to dismiss will be granted to the extent set out below.

I. BACKGROUND

The facts alleged in the amended complaint (Doc. 4), which

the court accepts as true for the purpose of the motion to dismiss, show the following:

Davis is a resident of Stanly County, North Carolina, and was employed as a USPS Personnel Processing Specialist at the Human Resources Shared Service Center in Greensboro, North Carolina. (Id. ¶ 6.) She is African American. (Id. ¶ 1.) Defendants are employees of USPS. Louis Dejoy is the Postmaster General of the United States and is sued in his official capacity only. (Id. ¶ 7.) Deborah Merryman is a citizen of North Carolina and was Davis's acting supervisor at USPS. (Id. ¶ 8.) Kimberly Levenson is a citizen of North Carolina and was Davis's acting manager at USPS. (Id. ¶ 9.) Desiree Manning is a citizen of North Carolina and was Davis's executive manager at USPS. (Id. ¶ 10.) Merryman, Levenson, and Manning are each sued in their official and individual capacities; they are hereinafter referred to as "Individual Defendants."

Davis was a temporary employee of USPS for seventeen years. (Id. ¶ 14.) She was "provided the most complicated work and the least support." (Id. ¶ 29.) She applied for a career position in October 2021 and interviewed for the position in January 2022. (Id. ¶ 17.) After she told Individual Defendants of her interview, they told her that "she would never be career" and that she was "unintelligent"; they also "questioned whether any employer would want her." (Id. ¶ 19.) From that point, Individual Defendants

2

began to "strip away [Davis's] ability to work remotely" and did not permit her to work remotely while her children were sick with COVID unless she obtained "reliable childcare." (Id. ¶ 20.) In February 2022, Davis requested overtime but was told that she was ineligible because she had not been trained on a new system. (Id. ¶ 21.) She requested but was subsequently denied training on the new system. (Id.)

On February 7, 2022, Davis's daughter had a miscarriage, and Merryman told Davis that if she wished to take an extended lunch to be with her daughter in the hospital, she would have to work an extended day. (Id. ¶ 24.) On February 9, 2022, Merryman told Davis that she "needed to account for her work from December 18, 2021, to February 2022." (Id. ¶ 26.)[1] The following day, Merryman and Levenson met with Davis and questioned her productivity, told her that she was not "career position material," and advised that they would speak to Manning to "determine if she would be terminated effective immediately." (Id. ¶ 28.) At the end of the meeting, Davis was advised she would work on a "day-to-day basis" and was given a chart that explained how many actions she was to complete each day. (Id. ¶ 30.)

The following two business days, Davis "completed everything that was required of her." (Id. ¶ 34.) On February 15, 2022,

---

[1] The complaint is silent as to the context for this allegation.

3

Individual Defendants terminated her employment.  (Id. ¶ 35.)
Following the termination, a white woman was allegedly promoted to
the job for which Davis had applied.  (Id. ¶ 37.)  During her
employment, she lodged complaints based on race and gender.  (Id.
¶ 29.)

Davis now pleads ten counts seeking relief: (1) disparate
treatment/impact under Title VII of the Civil Rights Act of 1964,
42 U.S.C. § 2000e et seq.; (2) disparate treatment/impact under 42
U.S.C. §§ 1981, 1983; (3) hostile work environment under Title VII
of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; (4)
hostile work environment under 42 U.S.C. §§ 1981, 1983; (5)
retaliation under Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e et seq.; (6) retaliation under 42 U.S.C. §§ 1981,
1983; (7) conspiracy to discriminate under 42 U.S.C. §§ 1983, 1985,
1986; (8) negligent retention and negligent supervision; (9)
interference and retaliation under the Family and Medical Leave
Act of 1993 (FMLA); and (10) punitive damages.  (Id. ¶¶ 39-98.)
She seeks compensatory damages, punitive damages, and attorney's
fees.  (Id. at 15.)

Defendants moved to dismiss counts two, four, six, seven,
eight, and ten in their entirety.  (Doc. 13 at 4-6.)  Defendants
move to dismiss the Title VII claims in counts one, three, and
five against them in their individual capacities only.  (Id.)  They
also concede that the FMLA claim in count nine survives dismissal.

4

(Id.) The motion, having been fully briefed, is ready for resolution.

**II. ANALYSIS**

**A. Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). A Rule 12(b)(6) motion to dismiss is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). Rule 12(b)(6) protects against

5

meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570; see Iqbal, 556 U.S. at 678. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### B. Motion to Dismiss

#### 1. Section 1981, 1983, 1985, and 1986 Claims

First, Defendants argue that the section 1981, 1983, 1985, and 1986 claims[2] should be dismissed because federal employees cannot be sued in their official or individual capacities under these provisions for federal employment discrimination. (Doc. 13 at 5.) Davis responds that these claims should not be dismissed because they are against Individual Defendants in their individual capacities and that her allegation that she was required to obtain childcare to work remotely was not in the federal employment context because those Defendants acted as "childcare providers or monitors." (Doc. 15 at 5-6.) Davis concedes that an official capacity claim cannot stand under these statutes. (Id. at 7.)

---

[2] Section 1981 prohibits race-based discrimination in the making and enforcement of contracts. Section 1983 prohibits the deprivation of federal rights by any person acting under color of state law. Sections 1985 and 1986 together create a right of action for conspiracies to violate civil rights.

6

Davis's contention that she may allege individual capacity employment discrimination claims against federal employees under these statutes contravenes longstanding Supreme Court law. In Brown v. General Services Administration, the Court held that a plaintiff could not sue under section 1981 for discrimination by a federal employer and that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown, 425 U.S. 820, 835 (1976); see also Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979) (extending Brown to § 1985(3) claims); 42 U.S.C. § 1981(c) (encompassing only "nongovernmental discrimination and impairment under color of State law").

Davis seeks to escape Brown's holding by pointing to her allegation that Individual Defendants required her to obtain childcare to work remotely, which she contends took place outside of the federal employment context. (Doc. 15 at 2-3.) However, as Defendants correctly argue (Doc. 17 at 2), Individual Defendants' setting of the requirements for Davis's remote work was integral to their workplace supervisory duties. (Doc. 4 ¶ 20 (alleging that childcare requirement was imposed in response to request to work remotely)); cf. Smith v. CSRA, 12 F.4th 396, 415 (4th Cir. 2021) (discussing whether employer's denial of remote work option was a failure to accommodate under the Rehabilitation Act).

7

Indeed, Davis cannot claim employment discrimination under Title VII while claiming that the same conduct did not occur in the employment context under section 1981. Brown, 425 U.S. at 833 ("It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading."). Moreover, Davis's reliance on Gregory v. Currituck Cnty., No. 21-1363, 2022 WL 1598961 (4th Cir. May 20, 2022), is inapposite, as plaintiffs there did not even allege a Title VII violation, the defendants were state actors rather than federal actors, and some of the conduct by the individual defendant was clearly outside the scope of employment, namely breaking into the plaintiff's car. Id. at *2. Finally, to the extent Davis invokes section 1983, such a claim is not cognizable against these federal officers. See Hernandez v. Mesa, 589 U.S. 93, 109 (2020) (stating that a section 1983 claim must arise from violations of federal rights "under color of *state law*" (emphasis in original)). Accordingly, Davis's claims under section 1981, 1983, 1985, and 1986 (Counts 2, 4, 6, and 7) will be dismissed.

**2. Negligent Retention and Supervision Claim**

Defendants contend that Title VII preempts Davis's negligent retention and supervision claim because Davis alleges no facts to distinguish this state law tort claim from her Title VII claims. (Doc. 13 at 5.) Davis argues that because the court has not been

8

asked to dismiss the Title VII claims in whole, it should not dismiss the state law claim. (Doc. 15 at 7-8.) Defendants argue for the first time in their reply brief that Davis failed to comply with the procedures of the Federal Tort Claims Act ("FTCA"). (Doc. 17 at 3-4.) They do not, however, specify any requirement Davis failed to meet.

A tort claim against a federal agency must be brought under the FTCA. Est. of Van Emburgh v. United States, 95 F.4th 795, 800 (4th Cir. 2024) (citing 28 U.S.C. §§ 1346(b), 2674). Where USPS is the agency sued, the Postal Reorganization Act of 1970 provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c); Dolan v. U.S. Postal Serv., 546 U.S. 481, 484-85 (2006).

Davis has the burden of demonstrating that the administrative exhaustion requirements of the FTCA have been met to benefit from its waiver of sovereign immunity. Est. of Van Emburgh, 95 F.4th at 800. Certain FTCA requirements, such as presenting the claim to the federal agency and presenting a "sum certain," have been treated as jurisdictional. See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 111 (1993); Est. of Van Emburgh, 95 F.4th at 803. Further, because the FTCA's administrative exhaustion requirements "concern[ the court's] subject matter jurisdiction," a defendant's failure to timely raise them "is of no importance." Est. of Van Emburgh, 95 F.4th at 803. Rather,

9

the court "must consider the matter sua sponte." Id. (citing Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)).

Davis appears to raise her negligence claim against all Defendants and, as to Individual Defendants, in both their official and individual capacities. The individual capacity suits must be dismissed because the FTCA precludes any civil action for money damages against a federal employee — such as the negligence claim alleged here — that could be brought against the United States under 28 U.S.C. § 1346(b). 28 U.S.C. § 2679(b)(1).

This leaves Davis's official capacity claim, which is functionally raised against USPS. Hafer v. Melo, 502 U.S. 21, 25 (1991) (stating that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" (internal quotation marks and citation omitted)). To be sure, the complaint does not even formally list the negligence claim as an FTCA claim. And while Davis does allege that she filed an informal charge of discrimination with the Equal Employment Opportunity Commission and received a right-to-sue letter on June 8, 2023, as required by 29 C.F.R. § 1601.28 for her Title VII claims (Doc. 4 ¶¶ 11-13), the complaint contains no allegation that Davis presented her tort claim or demand for a sum certain to USPS, as separately required by 28 U.S.C. § 2675(a). See 39 C.F.R. § 912.5(a) (stating that a claim is presented to USPS when the claimant submits an "executed Standard Form 95, Claim

10

for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain"). Because Davis has not satisfied the administrative exhaustion requirements for her negligent retention and supervision claim, the court lacks jurisdiction, and the claim will be dismissed without prejudice. Bloch v. Exec. Off. of the President, 164 F. Supp. 3d 841, 862 (E.D. Va. 2016) (dismissing without prejudice where plaintiff failed to exhaust administrative requirements).

### 3. Title VII Individual Capacity Suits

While Defendants do not move to dismiss the official capacity claims under Title VII (and the court accordingly does not address their merits), they do seek dismissal of the individual capacity claims against Individual Defendants. (Doc. 13 at 5 (citing Lissau v. Southern Food Srv., Inc., 159 F.3d 177, 180 (4th Cir. 1998)).) Davis concedes that the Title VII claims should be dismissed against Individual Defendants in their individual capacities. (Doc. 15 at 8.) The motion to dismiss will therefore be granted as to the individual capacity claims only.

### 4. Punitive Damages

Finally, Defendants seek dismissal of Davis's tenth claim for punitive damages because punitive damages are a form of relief that can be granted only if a party prevails on certain claims. (Doc. 13 at 6 (citing Gauldin v. Honda Power Equipment Mfg., Inc., 351 F. Supp. 2d 455, 458 (M.D.N.C. 2005)).)

11

As a general rule, "[a] punitive damages claim is not technically an independent cause of action, but is instead dependent upon an award of compensatory damages on one of a plaintiff's other claims." U.S. Tobacco Coop., Inc. v. Big S. Wholesale of Virginia, LLC, 365 F. Supp. 3d 604, 618-19 (E.D.N.C. 2019) (citation omitted). Accordingly, the motion to dismiss the punitive damages claim will be granted to the extent that Davis alleges a separate cause of action. Because the briefing fails to adequately address the availability of punitive damages on Davis's remaining claims, the court declines to address it at this time.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Defendants' partial motion to dismiss is GRANTED IN PART as follows: counts two, four, six, and seven are DISMISSED; counts one, three, and five are DISMISSED to the extent they raise claims against Individual Defendants in their individual capacity; and counts eight and ten are DISMISSED WITHOUT PREJUDICE.

                                                  /s/   Thomas D. Schroeder
                                               United States District Judge

June 11, 2024